**BEALL & BURKHARDT**
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774, FAX (805) 963-5988

FILED & ENTERED

MAR 09 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust        DEPUTY CLERK

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In re                                   ) Bankruptcy No. 9:10-bk-10689-RR
                                        ) Chapter 11
DAZ Vineyards, LLC,                     )
                                        ) **ORDER AUTHORIZING THE DEBTOR TO**
                    Debtor.             ) **USE CASH COLLATERAL**
_____ )
                                        Date:  March 9, 2010
                                        Time:  2:00 p.m.
                                        Place: 1415 State Street
                                               Courtroom 201
                                               Santa Barbara, CA 93101

The Motion for Use of Cash Collateral ("Motion") came before this Court on shortened time on March 9, 2010. William C. Beall of Beall and Burkhardt appeared on behalf of DAZ Vineyards, LLC, and other appearances are as shown in the Reporter's Transcript.  The Court, having reviewed the pleadings on file and the argument of the parties, and the Motion having been properly noticed, hereby finds as follows:

1.   Notice of the Motion and of the hearing and opportunity for hearing conforms to the requirements of Bankruptcy Rule 4001(d) and is adequate and proper under the circumstances of this case.

2.    Pursuant to the loan documents and certain collateral documents relating thereto (collectively, the "Loan Documents") that were entered into between Daz Vineyards, LLC, the debtor herein (the "Debtor") and Silicon Valley Bank ("SVB") prior to the commencement of the above-captioned case on February 15, 2010 (the "Petition Date"), including that certain Loan and Security Agreement dated February 15,2008, the Debtor's debt to SVB is secured by the collateral specified in the Loan Documents, including virtually all of the Debtor's personal property and the proceeds thereof (collectively, the "Collateral"), which security interest was perfected by virtue of a UCC-1 Financing Statement filed with the Secretary of State for the State of California on February 20, 2008, and a related amendment filed on March 23, 2009.

3.    The Debtor requires use of the cash components and cash-equivalent proceeds of the Collateral (the "Cash Collateral", as such term is defined in Section 363 of the Bankruptcy Code) for the maintenance and preservation of the Debtor's property and for the operation and payment of expenses incurred in the ordinary course of business.  Without the uninterrupted use of the Cash Collateral, the Debtor apparently will suffer immediate and irreparable harm.

4.    The Debtor apparently is unable to obtain sufficient credit (secured or unsecured) on an immediate basis for the purpose of paying expenses incurred in the ordinary course of business except on the terms and conditions of this Order and upon the terms of the parties' loan and security documents.

Based on the foregoing, and good cause appearing therefore,

1    IT IS HEREBY ORDERED as follows:

2    a. Authorized Uses of Cash Collateral.  Debtor is authorized

3        to use Cash Collateral for the purpose of paying only the

4        reasonable, necessary and ordinary expenses of operating

5        Debtor's business in the ordinary course up to 125% of the

6        amounts set forth on the Budget submitted by the debtor,

7        and 115% of the monthly totals in the Budget.

8    b.  1.  Debtor may also use Cash Collateral to pay the

9        quarterly fees required by the office of the United States

10       Trustee.  Except as set forth in this paragraph, Debtor

11       shall not use the Cash Collateral absent either the prior

12       written consent of SVB or further order of the Court.

13   c. Debtor shall deliver to SVB, on a bi-weekly basis (no

14       later than 3 days after the end of each such period) sales

15       data by dollar and by case, in form reasonably acceptable

16       to SVB.  In addition, the debtor shall provide to SVB no

17       later than the 15th day of the following month, a complete

18       Monthly Operating Report as required by the office of the

19       United States Trustee.

20   d. Replacement Lien. As adequate protection for any

21       diminution in the value of the respective interest of SVB,

22       Premiere Pacific Vineyards which also does business as

23       Santa Collina Vineyard, LLC ("Premiere"), and Sierra Madre

24       Ranch Holdings, LLC ("Sierra") in the Collateral resulting

25       from Debtor's use of Cash Collateral, SVB, Premiere and

26       Sierra each shall have and are hereby granted liens on and

27       security interests in (collectively, the "Adequate

28       Protection Liens") all presently owned and hereafter

acquired property, assets and rights of any kind or nature

of the Debtor and all proceeds and products therefrom, to

the same extent, validity, and priority as SVB, Premiere,

and Sierra Madre Ranch Holdings, LLC had security

interests or liens on property of the same type as of the

Petition Date.  The Adequate Protection Liens shall be

secured in accordance with the provisions of Bankruptcy

Code Sections 361 and 363(e).

e. To the extent that the Adequate Protection Liens together

with any other lien or security interest granted by the

Debtor for the benefit of SVB, Premiere and Sierra is

insufficient adequately to protect any of them, then they

each shall also be allowed an administrative priority

claim in accordance with the provisions of Bankruptcy Code

Section 507(b) for any diminution in the value of their

respective interests in the Collateral resulting from the

Debtor's use of the Cash Collateral following the Petition

Date.

f. Debtor hereby waives its rights to seek a surcharge of the

Collateral or the Cash Collateral pursuant to Sections

105, 506(c) and 552(b), or any similar principle of law,

for all periods during which the Debtor is authorized to

use Cash Collateral.

g. The Debtor shall comply in all material respects with its

obligations under the Loan Documents with SVB, including,

without limitation, those relating to insurance,

preservation and maintenance of the Collateral and other

property, reporting requirements, SVB's collateral

4

1    inspection rights, the giving of notices and the

2    maintenance of books and records.  Debtor shall permit

3    SVB to inspect its Collateral during normal business hours

4    upon reasonable notice.

5    h. This Order shall not prejudice the rights of any of SVB,

6    Premiere and Sierra to seek such additional relief as it

7    may deem appropriate including, without limitation, the

8    right to (i) request additional adequate protection with

9    respect to their respective interests in the Collateral or

10   the Cash Collateral or relief from the automatic stay,

11   (ii) request conversion of the Debtor's chapter 11 case to

12   a case under chapter 7; (iii) request the appointment of a

13   trustee or examiner or (iv) request dismissal of the

14   Debtor's chapter 11 case for any reason.

15   i. If any or all of the provisions of this Order are

16   hereafter modified, vacated or stayed by subsequent order

17   of this or any other court, such termination, stay

18   modification or vacation shall not affect the validity of

19   any obligations of the Debtor to SVB, Premiere and Sierra

20   incurred pursuant to this Order prior to the effective

21   date of such termination, stay modification or vacation,

22   and such termination, stay, modification or vacation shall

23   not affect the validity, enforceability or priority of any

24   claim granted hereby or any security interest and lien

25   granted and authorized hereby with respect to the adequate

26   protection provided to SVB, Premiere and Sierra.

27   j. Events of Default.  Debtor's right to use Cash Collateral

28   shall terminate, without further action by Secured

1   Creditor or order of the Court, upon occurrence of any of

2   the following events (each such event constitutes an

3   "Event of Default"):

4       1.   Debtor's failure to comply with its reporting

5   obligations and provide SVB with inspection rights with respect to

6   the Collateral, as set forth in this Order and the Loan Documents.

7       2.   The granting in favor of any party other than

8   SVB, Premiere or Sierra of a security interest in or lien upon the

9   Collateral or the Cash Collateral, or a claim against Debtor

10  having priority over SVB, Premiere or Sierra.

11      3.   The entry of an order dismissing this case or

12  converting this case to one under chapter 7 or any other chapter

13  under the Bankruptcy Code.

14      4.   Any stay, reversal, modification or rescission

15  of the terms of this Order not reasonably acceptable to SVB,

    Premiere or Sierra.

16

17      5.   The commencement of any action by Debtor or

18  any party acting to assert the rights of Debtor against SVB

    regarding the Loan Documents or any rights of SVB thereunder.

19

    6.   The appointment of a Chapter 11 Trustee.

20

21      7.   The lapse, cancellation or termination of

    Debtor's fire, theft, hazard, comprehensive liability or other

22

23  insurance required under the Loan Documents, each of which Debtor

    shall maintain to preserve SVB's Collateral.

24

25      8.   Debtor's use of any of the Cash Collateral

    other than as expressly authorized herein or as authorized by the

26

    express prior written consent of SVB, or by order of the Court.

27

28      9.   Debtor's breach of any other term, condition

    or obligation of the Loan Documents, this Order or other order of

6

the court with such default continuing for five (5) days after SVB

has given Debtor written notice or Debtor is otherwise made aware

of the nature of the default.

    IT IS FURTHER ORDERED that the Adequate Protection Liens

granted herein are and shall be valid, perfected, enforceable, and

effective as of the Petition Date without any further action by

the Debtor or SVB, Premiere and Sierra, and without the execution,

filing, or recordation of any financing statements, security

agreements, mortgages, or other documents and shall secure payment

of the indebtedness owed by the Debtor.  To the extent necessary

to permit the creation and perfection of the Adequate Protection

Liens, the automatic stay in 11 U.S.C. § 362 is hereby modified.

Notwithstanding that no further acts need to be taken to create or

perfect the Adequate Protection Liens, the Debtor is hereby

directed to execute and deliver such documents as SVB, Premiere

and Sierra may reasonably request to evidence and give notice of

such Adequate Protection Liens.

        IT IS SO ORDERED.

DATED: March 9, 2010

_____
United States Bankruptcy Judge

| In re: | |
|---|---|
| DAZ Vineyards, LLC. | CHAPTER: 11 |
| Debtor(s) | CASE NUMBER: 9:10-bk-10689-RR |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document described **ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 03/09/10 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

> Honorable Robin Riblet
> United States Bankruptcy Court
> Central District of California
> 1415 State Street
> Santa Barbara, CA 93101

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 03/09/10 | Natalie A. Spilborghs | /S/ Natalie A. Spilborghs |
|---|---|---|
| Date | Type Name | Signature |

| In re: | |
|---|---|
| DAZ Vineyards, LLC | CHAPTER: 11 |
| Debtor(s) | CASE NUMBER 9:10-bk-10689-RR |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _03/09/10_, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

> William C. Beall- artyc@aol.com
> Office of the U.S. Trustee- ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

**VIA EMAIL:**
Sierra Madre Ranch Holdings, LLC- Neal Swensen- Neal@swensenlaw.com
Silicon Valley Bank- GKaplan@fbm.com

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*