DIANE C. WEIL, SBN 102922
16000 VENTURA BOULEVARD, SUITE 1000
ENCINO, CALIFORNIA 91436
[818] 788-8079: Telephone
[818] 788-0897: Facsimile
*dcw@dcweillaw.com*: E-mail

Chapter 7 Trustee for
John Zahoudanis

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In Re:<br><br>DAZ Vineyards, LLC,<br><br>Debtor. | Case No.: 9:10-bk-10689-RR<br><br>Chapter 11<br><br>**OBJECTIONS OF DIANE C. WEIL, CHAPTER 7 TRUSTEE FOR JOHN ZAHOUDANIS, TO THE DEBTOR DAZ VINEYARDS, LLC'S DISCLOSURE STATEMENT**<br><br>Date:    June 29, 2011<br>Time:    11:00 a.m.<br>Place:   1415 State Street<br>             Santa Barbara, California 93101 |

   Diane C. Weil, the Chapter 7 Trustee for John Zahoudanis, (the "Trustee") respectfully objects to approval of the Debtors' Disclosure Statement Describing Chapter 11 Plan (Docket No. 92) (the "Disclosure Statement") on the grounds that it fails to contain adequate information within the meaning of 11 U.S.C. § 1125 for the reasons stated herein below.

## I.

## BACKGROUND FACTS

   On or about April 19, 2010, certain creditors filed an involuntary petition pursuant to Chapter 7 of the Bankruptcy Code against John Zahoudanis ("Zahoudanis"). The case was designated 9:10-bk-11861-RR and is presently pending in the United States Bankruptcy Court for the Central District of California, Northern Division (the "Zahoudanis Case"). An order for relief

1

was entered in the Zahoudanis Case on June 10, 2010, and on September 22, 2010, Diance C. Weil was elected as the Chapter 7 Trustee, in which capacity she continues to serve.

Among the assets in the Zahoudanis Case are a 50% interest in DAZ Holdings, LLC and a 2% interest in Centrium Associates LLC.[1] Thus, the Trustee holds an interest in the equity of the Debtor.

## II.

### THE DISCLOSURE STATEMENT DOES NOT PROVIDE ADDEQUATE INFORMATION AS REQUIRED UNDER 11 U.S.C. § 1125

**A. Legal Standards for Approval of Disclosure Statement.**

Section 1125 of the Bankruptcy Code requires a disclosure statement to contain "adequate information" defined as:

> Information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

11 U.S.C. § 1125. "The issue of adequate information is usually decided on a case by case basis and is left largely to the discretion of the bankruptcy court." *In re Applegate Prop. Ltd.*, 133 B.R. 827, 829 (Bankr. W.D. Tex 1991)(citing *In re A.H. Robins Co.*, 880 F. 2d. 694 (4th Cir. 1989), cert. denied, 493 U.S. 959, 110 S.Ct. 376, 107 L.Ed.2d 362 (1989).

The principle of the disclosure is of prime importance to the reorganization process. *In re V. Savino Oil & Heating Co.*, 99 B.R. 518 (Bankr. E.D.N.Y. 1989). The purpose of a disclosure statement is provide a reasonable and typical investor with information sufficient to an informed decision as to the plan. S.REP. NO. 989, 95th cong., 2d Sess., 121, reprinted in 1978 U.S.CODE CONG. & AD. NEWS 5787, 5907. The Court and the debtor's creditors rely heavily on the

---

[1] At the time the involuntary petition was filed, there was pending certain litigation brought by a creditor to avoid and recover additional interests in Centrium Associates LLC, including, but not necessarily limited to *Greiling v. Zahoudanis*, Case No. SACV 99-952-GLT-ANx, pending in the United States District Court for the Central District of California.

disclosure statement in determining whether to approve the proposed plan. *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3rd 355, 362 (3rd Cir. 1996). Because of this reliance, a disclosure statement must contain complete, accurate, and factual information, not opinions, half-truths, misrepresentations, or silence to satisfy the Bankruptcy Code standard of 'adequate information.'" *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3rd Cir. 1988), cert. denied, 488 U.S. 967 (1988). *See also Applegate Prop. Ltd.*, 133 B.R. at 829 ("disclosure statements which are misleading, or which contain unexplained inconsistencies, should not be approved"). Therefore a party seeking protection under chapter 11 has "an affirmative duty to provide creditor with disclosure statement containing adequate information to enable a creditor to reach an informed judgment about the plan." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 321 (3rd Cir. 2003)(internal quotations omitted).

Here, as set forth below, the Disclosure Statement filed by the Debtors does not satisfy the requirements of Section 1125 in numerous respects, and thus cannot be approved in its current form.

### B. The Disclosure Statement Fails to State Fundamental Information Regarding Equity Interests.

The Disclosure Statement contains absolutely no information regarding the equity interests in the Debtor. They are identified at Section II. B as follows: "The members of the debtor are Centrium and [sic] Associates, LLC and DAZ Holdings, LLC." Not even the relative percentages of ownership are provided, let alone financial information or connections with other insiders or affiliates of the Debtor. The Debtor should be required to provide all available information regarding the equity interests, their value and their financial capabilities.

### C. The Disclosure Statement Is Inadequate Because It Fails to Identify What the Equity Interests Are That Will Be Reinstated and the Identify of the Holders of the Equity Interests That Will Be Reinstated

In Section III.C.4., the Disclosure Statement states that "Holders of membership interests in the debtor will retain their interests." This is inadequate as it fails to identify who the holders of the membership interests are, what their respective ownership interests are, the value of those interests, and the identity of the ultimate principals behind those interests. Moreover, as set out below, it fails to disclose the effect of the proposed preferred equity investment on that value.

Case 9:10-bk-10689-RR    Doc 109    Filed 06/15/11    Entered 06/15/11 13:55:01    Desc
                         Main Document    Page 4 of 8

### D. The Disclosure Statement Is Inadequate Because It Fails to Identify the Officers and Directors of the Debtor and Because It Fails to Identify the Identity of Insiders That Will Be Employed and Retained

The Disclosure Statement does not identify the officers and directors of the Debtor as required by 11 U.S.C. § 1129(a)(5)(A)(i).

The Disclosure Statement also does not identify the "any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider as required by 11 U.S.C. § 1129(a)(5)(B). Here, this is particularly significant since at least three insiders are likely to be employed or retained: John Zahoudanis, Sandra Zahoudanis and C. Alexis Zahoudanis. (*See* Disclosure Statement, II.C.). The Bankruptcy Code explicitly requires that the identities of those proposed to control the Debtor following confirmation and their proposed compensation. Until this is done, the Disclosure Statement cannot be approved nor can the Plan be confirmed.

### E. The Disclosure Statement Is Inadequate Because It Inadequately Discloses What the New Preferred Equity Investment Is and the Value Being Given to the Debtor's Reinstated Equity Holders After the New Preferred Investment

In Section III.D., the Disclosure Statement states:

> The Plan will be funded by a combination of the continued business operations of the debtor, and *new preferred equity investment*. The reorganized debtor intends to divide into two entities, one holding the real property asset and the other holding the winery operation. The debtor *anticipates the new equity investors will purchase preferred investments at the winery level*.

(Emphasis added). The Debtor also states that it has "negotiated with outside investors for the capital needed...." (Disclosure Statement, II.E.1.). Thus, the debtor apparently intends to dilute the equity interests being reinstated.

However, this disclosure is inadequate because it does not specify:

1. The terms of preferred stock;
2. The rights that the preferred stock would carry;
3. How much the new preferred equity investment would be;
4. How much the reinstated equity interests are being diluted;
5. Who would be providing the preferred equity investment; and

4

6. The likelihood that such funding will ever become available and the conditions that must be satisfied in order to obtain this investment.

The value and the potential dilution of the reinstated equity interests is very relevant to the Trustee because Zahoudanis' ultimate interest is property of his bankruptcy estate. ***Thus, this failure to give adequate disclosure is particularly troubling as it may also constitute an effort to dilute the assets available in the Zahoudanis' personal bankruptcy.*** Whether intentional or not, this new totally undescribed equity investment as a "preferred stock" level could undoubtedly totally eclipse any value in John Zahoudanis' interest in the Debtor. *See In re John Zahoudanis*, Case No. 9:10-bk-11861-RR.

This information, which is material to a creditor or interest holder trying to evaluate the plan and the value available to creditors and equity holders must be disclosed. Further, it is impossible to determine the feasibility of the plan or the likelihood that the plan can ever be achieved because so little information is disclosed regarding the proposed new equity investment.

In reality, despite the description in Section III.C.4 of interest holders as unimpaired, the effect of the immediate dilution of equity interests clearly constitutes impairment.

### F. The Disclosure Statement Does Not Provide an Adequate Description of How the Estimate for the Value of the Wine Inventory Was Determined.

In its liquidation analysis in Section IV.B., the Disclosure Statement shows an estimate of $600,000 (at liquidation, estimated) for the "Wine Inventory." However, it provides no information whatsoever as to how the "at liquidation" value for the Wine Inventory was estimated. This appears to be a significant asset of the estate yet it is not described so as to know its true value or how this value was determined. What, for example, is its auction value? Or retail value? Nor is it explained what will happen to this Wine Inventory post-confirmation. Will it be liquidated? Or sold to the new preferred equity holders?

///

///

///

///

## III.

## THE PLAN DOES NOT SATISFY THE BEST INTERESTS TEST

Bankruptcy Code § 1129(a)(7) provides, in part:

> With respect to each impaired class of claims or interests – (A) each holder of a claim or interest of such class . . . (ii) will receive or retain under the plan on account of such claim or interest property of value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

This is known as the best interests test.

Here, however, the liquidation analysis put forth shows an estimate of "$600,000 (at liquidation, estimated)" for the "Wine Inventory" with a secured claim on that inventory of $273,000. Nevertheless, the Debtor contends that this would leave $0 available for unsecured creditors. This makes no sense and certainly does not satisfy Section 1129(a)(7).

## IV.

## RESERVATION OF RIGHTS

The Trustee reserves her right to contest the Plan at Confirmation.

## V.

## CONCLUSION

The Disclosure Statement is wholly inadequate in its description of and with regard to the information provided about the equity holders. The basis for the Plan appears to be the post-confirmation investment of unidentified parties at a preferred level, yet no information regarding these investors or the impact of the proposed investment is provided in the Disclosure Statement. The Debtor should at least be required to disclose sufficient information to enable creditors to determine whether the proposed funding is feasible, who will control the Debtor following confirmation and the terms of the compensation of the proposed officers and directors, the terms of proposed new equity investment, and the true value of the assets of the estate, among other things. Without this information it is simply impossible for creditors and this Court to evaluate the Plan.

///

///

Based upon the foregoing, the Trustee respectfully requests that this Court refuse to approve Debtor's Disclosure Statement until and unless the inadequate information and inaccuracies are first corrected by Debtor as further set forth herein.

The Trustee plans to appear at the hearing on the Disclosure Statement.

DATED: June 15, 2011

Diane C. Weil, Chapter 7 Trustee for John Zahoudanis

*/s/ Diane C. Weil*

DIANE C. WEIL

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16000 Ventura Boulevard, Suite 1000, Encino, California 91436.

A true and correct copy of the foregoing document described as ***OBJECTIONS OF DIANE C. WEIL, CHAPTER 7 TRSUTEE FOR JOHN ZAHOUDANIS, TO THE DEBTOR DAZ VINEYARDS LLC'S DISCLOSURE STATEMENT*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *June 15, 2011,* I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- William C Beall    artyc@aol.com, bbassist@beallandburkhardt.com;carissa@beallandburkhardt.com
- Craig C Chiang    cchiang@buchalter.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Karen L Grant    kgrant@silcom.com
- Gary M Kaplan    gkaplan@fbm.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
- Thomas B Watson    watsont@hdlitigation.com
- Jason R Wolf    jwolf@dl.com
- Joseph M. Sholder    sholder@g-tlaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On *June 15, 2011,* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Robin Riblet
United States Bankruptcy Judge
U.S. Bankruptcy Court
1415 State Street, Courtroom 201
Santa Barbara, California 93101-2511 (by overnight mail)

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *June 15, 2011,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Joseph M. Sholder    sholder@g-tlaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 15, 2011 | Carla Sharpe | *(signed)* Carla Sharpe |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                       F 9013-3.1.PROOF.SERVICE