Gary M. Kaplan (State Bar No. 155530)
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480
Email:  gkaplan@fbm.com

Attorneys for Secured Creditor
SILICON VALLEY BANK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DAZ VINEYARDS, LLC,<br><br>　　　　　Debtor, | Case No.  9:10-bk-10689-RR<br><br>Chapter 11<br><br>**SILICON VALLEY BANK'S OBJECTIONS TO DEBTOR'S PROPOSED DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN**<br><br>Date:　　June 29, 2011<br>Time:　　11:00 a.m.<br>Place:　　Courtroom 201<br>　　　　　1415 State Street<br>　　　　　Santa Barbara, California |

### A.　**INTRODUCTION AND SUMMARY OF ARGUMENT**

Silicon Valley Bank ("SVB") hereby submits its objections (the "Objection") to the Disclosure Statement Describing Chapter 11 Plan (the "Disclosure Statement") proposed by Daz Vineyards, LLC, the debtor in the above-captioned case ("Daz" or the "Debtor"), with respect to the Debtor's proposed Chapter 11 Plan (the "Plan").  As discussed below, the Court should deny approval of the Disclosure Statement because it does not meet the requirements of Bankruptcy Code Section 1125, as it lacks adequate information, including failing to sufficiently disclose the treatment of SVB's claim under the Plan and failing to adequately disclose the proposed new equity investment to fund the Plan..

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

SILICON VALLEY BANK'S OBJECTIONS
TO DEBTOR'S PROPOSED DISCLOSURE
STATEMENT

### B. THE DISCLOSURE STATEMENT LACKS ADEQUATE INFORMATION AS REQUIRED BY BANKRUPTCY CODE SECTION 1125(a)

Bankruptcy Code Section 1125[1] requires that a disclosure statement contain "adequate information" for creditors to make an "informed judgment" whether to accept or reject the subject plan. The Disclosure Statement fails to satisfy this standard, as it lacks adequate information regarding a number of basic issues necessary for SVB and other creditors to make an informed judgment with respect to whether to accept the Plan.

#### 1. Inadequate Disclosure Of Treatment Of SVB's Claim

As set forth in SVB's Proof of Claim filed herein on October 28, 2010 (Claim No. 28), SVB has filed a secured claim in the amount of $353,806.97 as of the February 15, 2010 Petition Date (the "Claim"), based on the Debtor's debt under a matured loan agreement secured by substantially all of the Debtor's personal property (the "Collateral"). The Claim is fully secured pursuant to Section 506(a) of the Bankruptcy Code based on the value of the Debtor's interest in the Collateral exceeding the aggregate value of the Debtor's debt to SVB pursuant to the Claim and the amount of all other liens senior to SVB's lien on the Collateral, as reflected in the Debtor's (Amended) Bankruptcy Schedules filed herein on February 17, 2010 (Docket No. 9).[2] Accordingly, pursuant to Sections 502 and 506(b) of the Bankruptcy Code, the Debtor is liable to SVB under the SVB loan documents for all interest, fees, costs, charges and other amounts accruing after the Petition Date.

The Plan proposes to treat SVB's Claim (classified in Class 2) as follows:

> Paid in full with interest at the contract rate in quarterly payments of $20,000 per quarter, payable every March 1, June 1, September 1, and December 1.

*Id.* at p. 4, §C.1. *Accord* Disclosure Statement at pp. 8-9, § C.1.

Neither the Plan nor the Disclosure Statement states the applicable "contract rate" accruing on the Debtor's obligation to SVB. SVB notes that such interest rate could either be (i)

---

[1] All section references herein refer to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, unless otherwise indicate.

[2] SVB does not necessarily agree with the Debtor's valuation of the Collateral and reserves all of its rights in connection therewith, but agrees that the value of the Debtor's interest in the Collateral exceeds the aggregate value of the Debtor's debts to SVB and the amount of all other liens senior to SVB's lien on the Collateral.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

SILICON VALLEY BANK'S OBJECTIONS
TO DEBTOR'S PROPOSED DISCLOSURE    - 2 -
STATEMENT

1  11.5% per annum, the applicable rate on SVB's note since the Debtor's default under the SVB

2  loan documents on or about July 12, 2009, when the loan matured and the Debtor failed to pay all

3  amounts owing (as set forth in the Claim), or (ii) 6.5% per annum, the previously applicable non-

4  default rate, or (iii) some other rate.  Likewise, the Disclosure Statement does not provide a cash

5  flow forecast indicating when SVB's Claim is expected to be fully paid.

6  In addition, neither the Plan nor the Disclosure Statement makes clear whether the amount

7  of SVB's claim to be paid under the Plan includes all interest (including default interest), fees

8  (including late fees and attorneys' fees) and expenses incurred by SVB, as set forth in SVB's

9  Claim.

10  Further, neither the Plan nor Disclosure Statement states whether SVB will retain its

11  security interest in the Collateral to secure the Debtor's obligations to SVB under the Plan, to the

12  same extent, validity and priority as SVB currently has, including after acquired property of the

13  same type as the Collateral (*e.g.*, accounts receivable generated from the Debtor's sale of

14  inventory).

15  Accordingly, the Disclosure Statement fails to contain "adequate information" as required

16  by Bankruptcy Code Section 1125 regarding the treatment of SVB's Claim under the Plan.

17      2. <u>Inadequate Disclosure Of New Equity Investments To Fund The Plan</u>

18  The Disclosure Statement states:

19  > The Plan will be funded by a combination of the continued business
>  operations of the debtor, and new preferred equity investment. The
20  > reorganized debtor intends to divide into two entities, one holding
>  the real property asset and the other holding the winery operation.
21  > The debtor anticipates the new equity investors will purchase
>  preferred investments at the winery level.

22  *Id.* at p. 11, §III.D.1.  *Accord* Plan at p. 6, §D.1.

23  

24  Neither the Plan nor the Disclosure Statement provides any details regarding the terms of

25  these new preferred equity investments (e.g., amount of investments, identity of investor(s),

26  investor return and other rights, including extent to which such investors have priority over

27  creditors or other equity holders, etc.) and the likelihood of such funding being realized.

28  The Disclosure Statement also fails to discuss the risks to creditors if the Debtor is unable

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

SILICON VALLEY BANK'S OBJECTIONS
TO DEBTOR'S PROPOSED DISCLOSURE      - 3 -
STATEMENT

to obtain the proposed new equity investments, including the risk that the Debtor will not have sufficient resources to fund its operations and payments to creditors as required by the Plan.

Such information is critical to creditors in evaluating the Plan, including analyzing the feasibility of the Debtor's ability to make payments to creditors under the Plan. Accordingly, the Disclosure Statement fails to contain "adequate information" as required by Bankruptcy Code Section 1125 regarding the terms of the new preferred equity investments in the Debtor.

### C.  CONCLUSION

Based on the foregoing, SVB respectfully requests that the Court enter its order (i) sustaining its Objection; (ii) denying approval of the Debtor's proposed Disclosure Statement; and (iii) granting such other and further relief as may be just and proper.

Dated: June 15, 2011                              FARELLA BRAUN + MARTEL LLP

By:   /s/
    Gary M. Kaplan

Attorneys for Secured Creditor
SILICON VALLEY BANK

23281\2648576.2

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

SILICON VALLEY BANK'S OBJECTIONS
TO DEBTOR'S PROPOSED DISCLOSURE      - 4 -
STATEMENT